**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ADAM POWELL,**                                    **CASE NO. 2:07-cv-00164**

       **Petitioner,**                            **JUDGE HOLSCHUH**
                                   **MAGISTRATE JUDGE KEMP**

**v.**

**JEFFREY WOLFE, Warden,**

       **Respondent.**

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

Petitioner brings the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant motion, respondent's return of writ, and the exhibits of the parties. Petitioner's April 11, 2007, request to amend the petition with the additional argument included therein, Doc. No. 6, hereby is **GRANTED**.[1]

For the reasons that follow, petitioner's August 24, 2007, and September 20, 2007, motions to amend the petition with the claims from petitioner's motion to withdraw guilty plea are **DENIED.** Respondent's motion to strike, Doc. No. 15, is **DENIED,** as moot. The Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**PROCEDURAL HISTORY**

Petitioner was indicted by the September 1998 term of the Franklin County grand jury on one count of theft, in violation of O.R.C. §2913.02. *Exhibit 1 to Return of Writ.* He was indicted by the May 1999 term of the Franklin County grand jury on one count of

---

[1] Petitioner raises no new claims in his April 11, 2007, amendment to his habeas corpus petition. *See* Doc. No. 6.

illegal cultivation of marijuana, in violation of O.R.C. §2925.11; one count of each of

possession of L.S.D. and possession of marijuana, in violation of O.R.C. §2925.11; and one

count of aggravated possession of drugs, in violation of O.R.C. §2925.11. *Exhibit 2 to Return*

*of Writ.*
> On October 26, 1999, [petitioner] entered a plea of guilty in case No. 99CR-14 to a stipulated lesser included offense of theft, a felony of the fifth degree. Also on October 26, 1999, appellant entered pleas of guilty to a third degree felony count of possession of marijuana, and a fifth degree felony count of possession of LSD in case No. 99CR-3832. On December 28, 1999, the court imposed sentences of five years of community control in both cases.

> On April 5, 2004, the court held re-sentencing hearings in each case and determined that appellant had violated the conditions of community control.[2] In Case No. 99CR-14, the court re-sentenced appellant to six months of incarceration to be served concurrently to the sentence imposed in case No. 99CR-3832 of five years of incarceration on the conviction for possession of marijuana and a concurrent 12 month period of incarceration on the conviction for possession of LSD.

> On January 14, 2005, appellant was granted judicial release in case No. 99CR-3832. Appellant violated the terms of his judicial release and was before the court for re-sentencing on May 15, 2006. At the re-sentencing hearing, the court imposed a period of two years of incarceration on the conviction for possession of marijuana to be served concurrent with 12 months of incarceration imposed on the conviction for possession of LSD. This sentencing entry was journalized on May 15, 2006.

---

[2] On July 17, 2003, an order issued to hold petitioner in custody. *Exhibit 7 to Return of Writ*. Petitioner was indicted by the September 2003 term of the Franklin County grand jury on breaking and entering, in violation of O.R.C. §2911.13. *Exhibit 8 to Return of Writ*. On February 4, 2004, represented by counsel, petitioner pleaded guilty to attempted breaking and entering. *Exhibit 9 to Return of Writ*.

*Exhibit 29 to Return of Writ*.  Petitioner never filed a timely appeal.  On November 29, 2006,

he filed a motion for delayed appeal with the state appellate court.  *Exhibits 24-26 to Return*

*of Writ.*  Petitioner alleged that neither his attorney nor the trial court advised him of his

right to appeal or of the time limits for filing an appeal; that he did not know about his

right to appeal; and that he learned about his right to appeal "in the last thirty days while

conducting unrelated legal research."  *See Exhibit 26 to Return of Writ*; *see also Exhibit 28 to*

*Return of Writ* (wherein petitioner states that he was "under the explicit impression that he

could not appeal.")  On February 22, 2007, the Ohio Tenth District Court of Appeals denied

petitioner's motion for delayed appeal.  *Exhibit 29 to Return of Writ*.  Petitioner filed a timely

appeal to the Ohio Supreme Court.  He raised the following propositions of law:

> 1.  Appellant was denied equal protection and due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution when the state appellate court refused to hear his delayed appeal.

> 2.  Appellant was denied equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution when the trial court failed to notify him of his right to appeal.

> 3.  The appellate court erred by refusing to grant delayed appeal to appellant who asserted ineffective assistance of counsel due to counsel's failure to inform him of his right to appeal.

*Exhibit 31 to Return of Writ*.  Although respondent indicates in the Return of Writ that the

Ohio Supreme Court had not issued a decision on petitioner's appeal at the time that the

Return of Writ was filed, *Return of Writ,* at 5, petitioner states that the Ohio Supreme Court

dismissed his appeal in June or July of 2007. *See Amendment to Habeas Corpus Petition,* Doc. No. 14.

On December 12, 2006, petitioner filed a *pro se* petition for post conviction relief with the state trial court; however, he later withdrew his post conviction petition. *See Traverse, Attachment 5.*

On December 26, 2006, petitioner filed a state habeas corpus petition with the Ohio Supreme Court. *Exhibit 36 to Return of Writ.* He asserted therein that his total time served under community control exceeded the statutory five year limit, and therefore that his arrest and continued detention were unlawful and violated due process and the Double Jeopardy Clause. Petitioner asserted that his community control sanction should have expired on December 28, 2004. *Id.* On February 7, 2007, the Ohio Supreme Court *sua sponte* dismissed the action. *Exhibit 37 to Return of Writ.*

On February 27, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. In this case I have suffered multiple punishments for the same offense in violation of 5th Amend., double jeopardy.
>
> Ohio law dictates a maximum of 5 years of community control on any offense. I had been on community control for a cumulative total of 5½ years when I was violated and returned to prison. Thus, the court was without jurisdiction to send me to prison and I was denied equal protection and exposed to double jeopardy.

On August 24, 2007, petitioner filed an "Amendment to ... Writ of Habeas Corpus"

4

requesting to amend the petition to include claims he has raised in a motion to withdraw guilty plea apparently now pending in the state trial court.  *See* Doc. No. 14.  Respondent has moved to strike petitioner's amendment request because petitioner did not request leave of Court to amend his petition.  *See* Federal Rule of Civil Procedure 15;[3] Doc. No. 15.

---

[3] Rule 15 of the Federal Rules of Civil Procedure provides:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:

(A) before being served with a responsive pleading; or

(B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

(b) Amendments During and After Trial.

(1) Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

(2) For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

(c) Relation Back of Amendments.

Petitioner has responded by filing a "Nunc Pro Tunc Request for Leave of Court to file Amendment to Writ of Habeas Corpus." *See* Doc. No. 16. Respondent opposes that request as well, because petitioner did not include a copy of his amended petition with his nunc pro tunc motion, and because respondent contends that amendment of the petition is barred by the statute of limitations under 28 U.S.C. §2244(d). *See Memorandum in*

---

       (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(I) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(2) Notice to the United States. When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(I) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

*Opposition*, Doc. No. 17.

Petitioner summarizes the claims he seeks to amend his habeas corpus petition to include as follows:

> 1. ... [C]ounsel failed to make [] relevant inquiries to determine that the search on petitioner's apartment was illegal;.
>
> 2. Defense counsel implied that petitioner faced mandatory prison when he never did;
>
> 3. Counsel never informed petitioner of the existence of and presumption toward concurrent sentencing for first time offenders;
>
> 4. Counsel failed to inform him that first time offenders had a presumption toward minimum sentencing.
>
> 5. Counsel failed to inform him that the two most serious charges were allied offenses of similar import  [t]hus misstating the maximum penalty faced by five years.
>
> 6. Counsel never informed petitioner of the relevant aggravating and mitigating factors....
>
> 7. Counsel never informed petitioner of the merits of a no contest plea.
>
> 8. Counsel failed to competently apply the law or to provide petitioner with enough information concerning his legal situation to make an informed decision.

*See Petitioner's Reply*, Doc. No. 24, at 7.

## REQUEST TO AMEND THE PETITION WITH NEW CLAIMS

Under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year statute of limitations is imposed on the filing of habeas corpus petitions. 28 U.S.C. §2244(d)

provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on January 27, 2000, thirty  days after he was sentenced, on December 28, 1999, when the time period expired to file a timely appeal.  *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A).  The statute of limitations became final one year later, on January 27, 2001.  To the extent that petitioner challenges the trial court's April 5, 2004, revocation of his community control and sentence of five years, that judgment likewise

became final thirty days later, on May 5, 2004, when the time period expired to file a timely appeal. *See Searcy v. Carter, supra; Marcum v. Lazaroff, supra*. The statute of limitations expired one year later, on May 5, 2005. None of petitioner's subsequent state court actions, *i.e.*, his November 26, 2006, motion for delayed appeal, his December 12, 2006, post conviction petition (later withdrawn), or his December 26, 2006, state habeas corpus petition, tolled the running of the statute of limitations as to these judgments, because the statute of limitations had already expired before petitioner filed such actions. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). Therefore, applying 28 U.S.C. 2244(d)(1)(A), the instant habeas corpus petition, not filed until February 22, 2007, or signed until February 9, 2007, is untimely.

Petitioner asserts that neither the trial court nor his attorney advised him of his right to appeal. *See Petitioner's Reply*, Doc. No. 24. In *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that an otherwise untimely federal habeas corpus petition may be timely when a defendant is not advised of his right to appeal. In such a scenario, claims that relate to events that occurred at the time of

9

sentencing may be timely under 28 U.S.C. §2244(d)(1)(D), if the petitioner acted in a

reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when
> a duly diligent person in petitioner's circumstances would
> have discovered [his right to an appeal]. After that date,
> petitioner was entitled to further delay (whether in actually
> making the discovery, or in acting on a previously made
> discovery, or for any other reason whatsoever), so long as he
> filed his petition within one year of the date in which the
> discovery would have been made in the exercise of due diligence.
> *Wims*, 225 F.3d at 190.
>
> ***
>
> ... [T]he date on which the limitations clock began to tick is a
> fact-specific issue the resolution of which depends, among
> other things, on the details of [a defendant's] post-sentence
> conversation with his lawyer and on the conditions of his
> confinement in the period after [sentencing]. *Wims,* 225 F.3d at
> 190-91 (citing *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th
> Cir.2000) (taking into account "the realities of the prison
> system" in determining due diligence)).

*Id.*, at 470-471.  "[P]etitioner bears the burden of proving that he exercised due diligence,

in order for the statute of limitations to begin running from the date he discovered the

factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D). *Id.,* at 471, citing *Lott*

*v. Coyle*, 261 F.3d 594, 605-06 (6th Cir.2001).

Here, however, petitioner states that he had no interest in filing an appeal and made

no effort to learn about the right to appeal until after he was sent to prison without any

promise of early release (*i.e.*, after the final revocation of his probation in May 2006.)

*Petitioner's Reply,* Doc. No. 24, at 2-3.  Therefore, *DiCenzi* does not render petitioner's claims

10

timely.  Petitioner failed to exercise diligence in learning about his right to appeal his December 28, 1999, conviction, or the April 5, 2004, revocation of community control and imposition of sentence.  Petitioner's motion to amend the petition with new claims all raise issues of ineffective assistance of counsel related to the entry of his guilty plea.  These claims, therefore, likewise are time-barred.

That said, petitioner's habeas corpus petition, as it relates to the trial court's May 5, 2006, revocation of petitioner's probation and imposition of an aggregate term of two years incarceration, appears to be timely and respondent does not raise the issue of statute of limitations in regard to the May 5, 2006, revocation of petitioner's probation.  *See Return of Writ*.[4]  However, respondent contends that the claim is unexhausted because petitioner failed to raise the claim on direct appeal before the Ohio Court of Appeals or the Ohio Supreme Court.  *Return of Writ*, at 15.

Under Ohio law,

> "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper* (2001), 93 Ohio St.3d 614, 616, 757 N.E.2d 1153, quoting *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99, 666 N.E.2d 1091.

---

[4]  The statute of limitations began to run thirty days from the revocation of probation, on June 4, 2006, when the time period expired to file an appeal.  The statute of limitations ran for 175 days, until November 26, 2006, when petitioner filed a motion for delayed appeal.  Construing the statute of limitations in the manner most favorable to petitioner, the statute of limitations was tolled until July 31, 2007, when (according to petitioner) the Ohio Supreme Court dismissed his appeal.  Petitioner filed the instant habeas corpus petition prior to that date, on February 22, 2007.

\*\*\*

>In general, "[s]entencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ," because the petitioner "has or had adequate remedies in the ordinary course of law, *e.g.*, appeal and postconviction relief, for review of any alleged sentencing error." *State ex rel. Jaffal v. Calabrese,* 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107.

*Hernandez v. Kelly,* 108 Ohio St.3d 395 (2006).  However, petitioner argued that the trial court lacked jurisdiction to extend his community control and thereafter to revoke his probation.  *See Exhibit 36 to Return of Writ; State v. Davis,* 92 Ohio St.3d 549 (2001)(granting state habeas corpus petition where trial court lacked jurisdiction to revoke probation).  Assuming, *arguendo*, that he exhausted this claim by raising it in a state habeas corpus petition in the Ohio Supreme Court, the claim nonetheless is without merit.  *See* 2254(b)(2)(habeas corpus petition may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies.)

Petitioner asserts that his probation revocation and sentence violate due process and the Double Jeopardy Clause because he was punished multiple times for one offense, and sentenced to a term of community control beyond the five year maximum permissible under Ohio law.  *See* O.R.C. 2929.25(A)(2).  The crux of his argument is that state law permits a maximum of five years community control.  According to petitioner, his maximum term of community control had already expired in May 2006, when the trial court revoked community control and terminated his probation in Case Number 99CR-14 for time served, and sentenced him to two years due to his admitted violations of the terms

12

of his community control.  Therefore, according to petitioner, the trial court was without jurisdiction to impose sentence.   This claim fails.

Petitioner's allegation that the state trial court violated state law by imposing a longer term of community control than permitted under state statutes fails to present an issue appropriate for federal habeas corpus review.  A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).  "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition.  *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).  Only where the error resulted in the denial of fundamental fairness will habeas relief be granted.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).  Such are not the circumstances here.

Further, neither due process nor the Double Jeopardy Clause prohibit imposition of  sanctions for violations of community control or probation.

> The courts, including the Sixth Circuit, have unanimously held that the Double Jeopardy Clause is not implicated when an additional term of imprisonment is imposed upon the revocation of supervised release and probation, because the revocation of supervised release is not considered a new

13

punishment "but rather is attributable to the original conviction." *See, e .g., United States v. Flanory*, 45 Fed.Appx. 456, 462 (6th Cir. Sept. 3, 2002) (not published in Federal Reporter); *see also United States v. Dees*, 467 F.3d 847, 853 (3rd Cir.2006), *cert. denied*, --- S.Ct. ----, 76 U.S.L.W. 3157 (U.S. Oct 1, 2007) (No. 06-10826); *United States v. Amer*, 110 F.3d 873, 884 (2nd Cir.), cert. denied, 522 U.S. 904, 118 S.Ct. 258, 139 L.Ed.2d 185 (1997); *United States v. Coleman*, No. 06-4222, 2007 WL 2683718, at *1 (4th Cir. Sept.12, 2007) (unpublished) (citing and quoting *United States v. Evans*, 159 F.3d 908, 913 (4th Cir.1998) ("A term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of the supervised release are all part of the original sentence.")); *United States v. Cazares-Cazares*, 68 Fed.Appx. 793, 794 (9th Cir. June 13, 2003) (not published in Federal Reporter) (citing *United States v. Soto-Olivas*, 44 F.3d 788, 790-91 (9th Cir.), *cert. denied*, 515 U.S. 1127, 115 S.Ct. 2289, 132 L.Ed.2d 290 (1995)).

*Weaver v. Moore,* 2008 WL 697705 (S.D. Ohio March 17, 2008); *see also Williams v. Gillis,* 2002 WL 84440 (E.D. Pa. January 17, 2002)(same), citing *Garret v. United States*, 471 U.S. 773, 780 (1985);*United States v. DiFrancesco*, 449 U.S. 117, 137 (1980); *Jones v. Thomas*, 491 U.S. 376, 381-82 (1989) (double jeopardy only prevents multiple sentencing that cumulatively exceeds the statutory maximum sentence). Imposition of a more severe sentence based upon a criminal defendant's conduct in failing to comply with a court's order after the original sentence is imposed does not violate the Double Jeopardy Clause. *United States v. Clayton*, 588 F.2d 1288, 1291 (C.A. Cal. 1979), citing *North Carolina v. Pearce*, 395 U.S. 711 (1968); *Rewak v. United States*, 512 F.2d 1184, 1186 (9th Cir. 1975).

It is well-settled that the revocation of parole or probation and the corresponding imposition of confinement does not violate the Double Jeopardy Clause because "these criminal sanctions do not involve the increase of a final sentence, and ... defendant

14

> is aware at the original sentencing that a term of imprisonment
> later may be imposed."

*Jackson v. Caroll*, 2004 WL 2028655 (D.Del. August 31, 2004), quoting *Ralston v. Robinson*,

454 U.S. 201, 220 n. 14 (1981) (citing *United States v. DiFrancesco, supra*, 449 U.S. at 137.

Such were the circumstances in this case.  Petitioner was advised at the time of his

guilty plea he could be sentenced to a up to twelve months in Case Number 99CR-14 on

his fifth degree felony conviction on theft and consecutive terms of five years and twelve

months incarceration in Case Number 99CR-3832 on his fifth and third degree felony

convictions on possession of marijuana and LSD if he violated the terms of his community

control.  *See Exhibits 3-6 to Return of Writ.*  He served approximately three and one half

years on community control when he was placed in custody on July 17, 2003, *see Exhibit 7*

*to Return of Writ*, for charges later filed against him on breaking and entering.  *Exhibit 8 to*

*Return of Writ.*   On February 4, 2004, he pleaded guilty to attempted breaking and

entering.[5] *Exhibit 9 to Return of Writ.*  On April 5, 2004, the trial court sentenced petitioner

---

[5] O.R.C. 2951.07 provides:

A community control sanction continues for the period that the judge or
magistrate determines and, subject to the five-year limit specified in
section 2929.15 or 2929.25 of the Revised Code, may be extended. If the
offender under community control absconds or otherwise leaves the
jurisdiction of the court without permission from the probation officer, the
probation agency, or the court to do so, or if the offender is confined in
any institution for the commission of any offense, the period of
community control ceases to run until the time that the offender is
brought before the court for its further action.

to five years in Case No. 99CR-3832[6] and twelve months in Case No. 99CR-14 for violating the terms of his community control.  *Exhibits 10 and 11 to Return of Writ*.  On January 7, 2005, after petitioner had served approximately nine months, the trial court suspended his sentence and placed him on three years probation.  *See Exhibits 17, 18 to Return of Writ*. Petitioner acknowledged at that time that he had been informed the trial court could impose three months incarceration in Case No. 99CR-14 and four years and three months in Case No. 99CR-3832 if he violated the terms of his probation.  *Exhibits 19, 20 to Return of Writ*.  On May 5, 2006, after petitioner had served approximately one year and four months on probation, he admitted to violating the terms of his probation.  The trial court revoked probation, terminated Case Number 99CR-14, for time served, *Exhibit 22 to Return of Writ,* and imposed an aggregate term of two years in Case Number 99CR-3832, on petitioner's conviction on possession of marijuana (a third degree felony punishable by a maximum prison term of five years incarceration) and twelve months for his conviction on possession of LSD (a fifth degree felony punishable by a maximum term of twelve months incarceration), such sentences to run concurrently to each other.  *See Exhibit 23 to Return of Writ*.

Thus, the record fails to reflect that the trial court exceeded the maximum sentences authorized for petitioner's offenses of conviction or that the trial court's re-sentencing

---

[6] The trial court imposed the maximum terms of five years on petitioner's conviction on possession of marijuana and twelve months on his conviction on possession of LSD, such sentences to be served concurrently to each other and to his sentence in Case No. 99CR-14.  *See Exhibits 10 and 11 to Return of Writ.*

pursuant to petitioner's admitted violations of the terms of his community control and probation violated due process or the Double Jeopardy Clause.

For all of the foregoing reasons, petitioner's April 11, 2007, request to amend the petition with the additional argument included therein, Doc. No. 6,  is **GRANTED**. Petitioner's August 24, 2007, and September 20, 2007, motions to amend the petition with the claims from petitioner's motion to withdraw guilty plea are **DENIED.**  Respondent's motion to strike, Doc. No. 15, is **DENIED,** as moot**.** The Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,*

474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge