**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ADAM POWELL,

      Petitioner,

v.

JEFFREY WOLFE, Warden,

      Respondent.

CASE NO. 2:07-cv-00164

JUDGE HOLSCHUH
MAGISTRATE JUDGE KEMP

**OPINION AND ORDER**

On May 5, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**.

Petitioner objects to all of the Magistrate Judge's conclusions and recommendations. Petitioner again raises all of the arguments that he previously presented. He again argues at length that his punishment violates the Double Jeopardy Clause because, according to petitioner, he had already served the maximum term of community control permissible under Ohio law and his community control therefore had expired when, on May 15, 2006, the trial court imposed an aggregate term of two years incarceration based on his violation of the terms of his community control. Petitioner again argues that this case is analogous to *Davis v. Wolfe*, 92 Ohio St.3d 549 (2001), wherein the Ohio Supreme Court granted a state habeas corpus petition because the defendant's maximum term of probation had clearly long since expired before the trial court revoked probation and reinstated original sentence.

Petitioner's arguments fail.

Unlike the scenario in *Davis, supra*, the record in this case does not reflect that petitioner's sentence had expired on May 5, 2006, when the trial court re-imposed two years incarceration based upon petitioner's admitted violation of the terms of his community control.  As detailed in the Magistrate Judge's *Report and Recommendation*, on December 28, 1999, the trial court initially sentenced petitioner to five years community control.  On April 5, 2004, approximately four years and three months later and before expiration of the five year term, the trial court revoked his community control based on violations of community control and imposed an aggregate term of five years incarceration. Thereafter, on January 14, 2005, after petitioner had served only approximately nine months of that five year jail term, the trial court granted petitioner's request for judicial release pursuant to O.R.C. §2929.20, suspended the five year sentence, and released petitioner on three years community control.  On May 15, 2006, approximately one year and four months later, and prior to expiration of the five year prison term imposed on April 5, 2004, or the three years community control ordered as a condition of petitioner's early release, the trial court revoked petitioner's probation based upon petitioner's admitted violation of the terms of community control, terminated Case Number 99CR-14 for time served, and imposed an aggregate term of two years on petitioner's conviction on possession of marijuana in Case Number 99CR-3832.

Contrary to petitioner's argument here, the fact that the trial court in January 2005, granted petitioner's request to be released early from the five year jail term imposed on

2

April 5, 2004, for violating the terms of his initial community control, did not mean that

petitioner's sentence had completely expired because he had served five years of

community control as calculated from the date of his initial December 28, 1999, sentence

on May 15, 2006, when the trial court revoked judicial release and imposed two years or

that his sentence thereby violates the Double Jeopardy Clause.  Under Ohio law,

> [t]he rules regarding judicial release should not be confused with the sections of the Revised Code dealing with a violation of an original sentence of community control. *See* R.C. 2929.20 and 2929.15 . Although the language of R.C. 2929.20(I) contains the term "community control" in reference to the status of an offender when granted judicial release, R.C. 2929.15(B) unmistakably includes only those offenders who were initially sentenced to community control.

*State v. Wiley*, 148 Ohio App.3d 82 (9ᵗʰ App. Dist. February 6, 2002).

> '[T]he rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term 'community control' in reference to the status of an offender when granted early judicial release.' " *State v. Alexander,* 3d Dist. No. 14-07-45, 2008-Ohio-1485, ¶ 7, quoting *State v. Mann,* 3d Dist. No. 3-03-42, 2004 Ohio 4703, ¶ 6. Under R.C. 2929.15 , a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control, *Id.,* citing *State v. McConnell* (2001), 143 Ohio App.3d 219, 224-225, 757 N.E.2d 1167, 2001-Ohio-2129, citing *State v. Gardner,* 3d Dist. No. 14-99-24, 1999-Ohio-938; whereas, when a defendant is granted judicial release under R.C. 2929.20 , he " 'has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction.' "

3

> *Alexander,* 2008-Ohio-1485, at ¶ 7, quoting *Mann,* 2004 Ohio 4703, at ¶ 8, citing R.C. 2929.20(I).
>
>
> ***
>
>
> R.C. 2929.20 governs judicial release and provides, in pertinent part:
>
>
> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court, and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. * * *
>
>
> R.C. 2929.20(I).

*State v. Jones*, 2008 WL 1931914 (Ohio App. 3rd Dist. May 5, 2005).

Accordingly, the trial court did not act outside the bounds of its jurisdiction on May 5, 2006, by re-imposing unexpired jail time remaining on petitioner's April 5, 2004, sentence of five years incarceration based upon petitioner's community control violation.  For reasons detailed in the Magistrate Judge's *Report and Recommendation* the Double Jeopardy Clause did not prohibit imposition of the remaining two years of incarceration on petitioner's sentence that had been suspended when the trial court granted the request for judicial release.

Petitioner also again argues that he exercised diligence in learning about his right to appeal so as to render claims regarding his December 28, 1999, conviction and sentence and the April 5, 2004, revocation of his community control timely.  However, petitioner states that he had no interest in filing an appeal and made no effort to learn about the right to appeal so long as he remained free from incarceration or had the promise of judicial release, *i.e.*, until two months after the trial court revoked his judicial release.  Under these circumstances, this Court agrees that petitioner has failed to establish due diligence in pursuing his claims.

In short, pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*.  The Court has carefully reviewed the entire record.  For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

    **IT IS SO ORDERED.**

Date: June 17, 2008                          **/s/ John D. Holschuh**
                                             JOHN D. HOLSCHUH
                                             United States District Judge

5