IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADAM POWELL,**  CASE NO. 2:07-cv-00164

    **Petitioner,**  JUDGE HOLSCHUH
MAGISTRATE JUDGE KEMP

v.

**JEFFREY WOLFE, Warden,**

    **Respondent.**

## OPINION AND ORDER

On June 17, 2008, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Doc. Nos. 28, 29. This matter is before the Court on petitioner's July 10, 2009, motion for leave to file a delayed appeal. Doc. No. 37. For the reasons that follow, petitioner's motion, Doc. No. 37, is **DENIED.**

Notification of final judgment of dismissal was returned to the Court as undeliverable. See Doc. No. 30. Thereafter, on August 25, 2008, petitioner filed a notice of change of address. Doc. No. 33. On November 17, 2008, he filed a motion for leave to file an addendum to his traverse. Doc. No. 32. On April 8, 2009, he again filed a notice of change of address. Doc. No. 33. Although the docket indicates the Clerk sent notification of the Court's order denying petitioner's addendum, as moot, to the address he most recently provided in his notice of change of address, notification of that order was returned to the Court as undeliverable. See Doc. Nos. 33, 35. On June 11, 2009, petitioner again filed a notice of change of address. Doc. No. 36. The docket reflects that on that same date, the

1

Clerk mailed notice of final judgment dismissing his habeas corpus petition, as well as the order denying his addendum, to this new address. Approximately one month later, on July 10, 2009, petitioner filed the instant motion for leave to file a delayed appeal. Doc. No. 37.

Petitioner states that he did not receive notification of final judgment of dismissal of this case until June 16, 2009, although he notified the Clerk each time he moved and, presumably sometime before he filed his November 17, 2008, motion for addendum, was told that this habeas corpus petition remained pending.

Petitioner had thirty days from the date of final judgment to file a notice of appeal. Federal Rule of Appellate Procedure 4(a)(1)(A). "A timely notice of appeal 'is both a mandatory and a jurisdictional prerequisite.'" *United States v. Perry*, 360 F.3d 519, 523 (6th Cir. 2004) (quoting *United States v. Christunas,* 126 F.3d 765, 767 (6th Cir. 1997)); *see also Intera Corp., et al., v. Henderson III, et al.*, 428 F.3d 605, 611 (6th Cir. 2005); *Peake v. First Nat'l Bank & Trust*, 717 F.2d 1016, 1018 (6th Cir. 1983); *United States v. Means*, 133 F.3d 444, 448 (6th Cir. 1998).

Under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, an extension of time for filing an appeal may be granted only where such request is made no later than thirty days after the time for filing the appeal has expired, and the moving party shows "excusable neglect or good cause" for failing to file a timely appeal. Because petitioner filed his motion for extension of time to file an appeal almost one year after the time to file an appeal had already expired, he cannot obtain an extension of time to file an appeal under Rule 4(a)(5).

Federal Rule of Appellate Procedure 4(a)(6), however, provides that a District Court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, but only if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Additionally,

> Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell*, 432 F.3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub,* 27 Fed. Appx. 337, 338 (6th Cir. 2001).

*Davenport v. Curtis,* 2009 WL 861470 (E.D. Mich. Mar. 30, 2009).

Here, petitioner likewise has failed to meet the requirements of Rule 4(a)(6). He states that he did not receive a copy of the final judgment dismissing his habeas corpus petition until June 16, 2009. Accepting his contention as true, his motion to reopen the appeal must have been filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier.*" Rule 4(a)(6)(B)(emphasis added). He indicates that

he submitted his motion with prison officials for mailing on July 6, 2009,[1] more than seven days after the file indicates that he received notice of final judgment of dismissal, on June 16, 2009. Regardless, his motion was due on December 14, 2008, or 180 days after entry of the June 17, 2008, entry of final judgment of dismissal, which is earlier than the date of June 23, 2008, or seven days after the date that petitioner indicates he received notice of final judgment of dismissal.

Because petitioner's motion is untimely, this Court cannot grant petitioner relief under Federal Rule of Appellate Procedure 4(a)(5), (6). Therefore, petitioner's motion for leave to file a delayed appeal, Doc. No. 37, is **DENIED.**

**IT IS SO ORDERED.**

Date: July 30, 2009   /s/ **John D. Holschuh**
JOHN D. HOLSCHUH
United States District Judge

---

[1] Under *Houston v. Lack*, 487 U.S. 266, 270 (1988), the Court deems petitioner's motion to have been filed on the date he placed his motion with prison officials for mailing.

4